HON. JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE,

    Plaintiff,

v.

RAINIER PETROLEUM CORP.,

    Defendant.

Case No. 14-00829

**CONSENT DECREE**
[PROPOSED]

### I.  STIPULATIONS

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") sent a sixty day notice of intent to sue letter to Defendant Rainier Petroleum Corporation ("Rainier Petroleum") on April 1, 2014, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Rainier Petroleum's Facility in Seattle, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs.

Soundkeeper and Rainier Petroleum agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

Soundkeeper and Rainier Petroleum stipulate to the entry of this Consent Decree without trial regarding Soundkeeper's claims or allegations set forth in its complaint and its sixty-day

CONSENT DECREE: No. 14-00829JLR
p. 1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

notice.

DATED this January 7, 2016

RAINIER PETROLEUM CORP.                    PUGET SOUNDKEEPER ALLIANCE

By _____          By _____
                                              Chris Wilke
Title: _____          Title:  Executive Director & Soundkeeper

## II.   ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This court has jurisdiction over the parties and subject matter of this action.

2. Each signator for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree applies to the operation, oversight, or both by Defendant Rainier Petroleum of its Facility at 1711 13th Avenue Southwest, Seattle, Washington (the "*Facility*").

5. This Consent Decree is a full and complete settlement of the claims in the complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility. These claims are released and dismissed with prejudice. Enforcement of this decree is Soundkeeper's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an

CONSENT DECREE: No. 14-00829JLR
p. 2

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

notice.

DATED this January 7, 2016

| RAINIER PETROLEUM CORP. | PUGET SOUNDKEEPER ALLIANCE |
|---|---|
| By _[signature]_ | By _____ |
| Title: Vice President | Chris Wilke |
| | Title: Executive Director & Soundkeeper |

## II.  ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This court has jurisdiction over the parties and subject matter of this action.

2. Each signator for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree applies to the operation, oversight, or both by Defendant Rainier Petroleum of its Facility at 1711 13th Avenue Southwest, Seattle, Washington (the "*Facility*").

5. This Consent Decree is a full and complete settlement of the claims in the complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility. These claims are released and dismissed with prejudice. Enforcement of this decree is Soundkeeper's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an

CONSENT DECREE: No. 14-00829JLR
p. 2

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

admission or adjudication regarding any allegations by Soundkeeper in this case or of any fact or conclusion of law related to those allegations.

7. Rainier Petroleum agrees to the following terms and conditions in full and complete satisfaction of the claims covered by this decree:

a. Rainier Petroleum will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR002721 (the "***NPDES permit***") and any successor, modified, or replacement permit;

b. Not later than June 30th, 2016, Rainier Petroleum will install an impervious floor in its tank farm containment area consisting of Portland cement, which will be consistent with Harbor Consulting Engineers' December 17, 2015 tank farm stormwater improvement drawings for the Facility and will be engineered to drain any stormwater that collect within the tank farm containment area into the Facility's above ground oil/water separator that discharges to the sanitary sewer. Rainier Petroleum will ensure that the berm surrounding the tank farm provides a containment volume of either 10 percent of the total enclosed tank volume or 110 percent of the volume contained in the largest tank, whichever is greater;

c. Rainier Petroleum will store all portable containers of liquid and petroleum product in the Facility's warehouse when not in use, including containers that are awaiting customer pick-up;

d. Rainier Petroleum will relocate cleaning activities that involve wash water or washing solutions to areas of the Facility that drain to the sanitary sewer;

e. Not later than the date of entry of this Consent Decree, Rainier Petroleum will redirect discharges of stormwater from its boiler building and warehouse roofs to the Facility's below-ground oil/water separator or to the sanitary sewer;

f. Not later than June 30th, 2016, Rainier Petroleum will implement measures to prevent any stormwater from the portion of Pier 15 (also known as the Facility's fueling

CONSENT DECREE: No. 14-00829JLR
p. 3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

dock or pier) on which Rainier Petroleum operates (approximately the western half of the pier) from discharging to Elliott Bay.  Rainier Petroleum will plug the existing holes in its pier that presently discharge directly to Elliott Bay, install curbs, berms, and/or barriers as required to prevent sheet flow of stormwater from its portion of the pier to Elliott Bay, and otherwise ensure adequate stormwater collection and conveyance infrastructure exists to capture the stormwater from the portion of the pier on which Rainier Petroleum operates and direct it to the sanitary sewer. Not later than June 30, 2016, Rainier Petroleum will send Soundkeeper written confirmation describing the measures taken to implement the requirements of this paragraph.

      g.      Not later than May 15, 2016, Rainier Petroleum will complete and submit to the Department of Ecology an engineering report providing for installation of a Chitosan-enhanced sand filtration system to treat all stormwater runoff from the Facility that discharges to Elliott Bay, in accordance with NPDES Permit condition S8.D.3.a;

      h.      Not later than September 30, 2016, Rainier Petroleum will install a Chitosan-enhanced sand filtration system to treat all stormwater runoff from the Facility that discharges to Elliott Bay, in accordance with an engineering report that has been approved by the Department of Ecology.  Not later than the date of installation of the filtration system, Rainier Petroleum will update its stormwater pollution prevention plan ("*SWPPP*") to reflect the changes to the Facility's stormwater management;

      i.      Not later than the date of entry of this Consent Decree, Rainier Petroleum will amend its SWPPP to:

            i.      Mandate vacuum-assisted sweeping of the paved surfaces of the Facility a minimum of once each month;

            ii.      Include the Facility's oil spill response plan;

            iii.      Include a provision prohibiting the locking of fuel nozzles in the "open" position or an explanation of why this mandatory BMP is inapplicable;

CONSENT DECREE: No. 14-00829JLR
p. 4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

iv.     Include provisions for the annual employee training required by NPDES Permit Condition S3.B.4.b.i.5, and a log of the training dates and attendees. Specifically, the training plan must be updated and approved by a qualified stormwater consultant and must include training in sampling protocols, the Permit requirements, enhanced sampling requirements set forth in this Consent Decree, and Department of Ecology's guidance document "How to do Stormwater Sampling"; and

v.     Include a materials list that identifies all of the specialty chemicals handled at the Facility.

j.     Not later than June 30th, 2016, Rainier Petroleum will amend its SWPPP map to include each of the Facility's discharge locations with a unique identifying number surface water locations, and lands and waters adjacent to the site that are helpful in identifying discharge points or drainage routes.

k.     Not later than June 30th, 2016, Rainier Petroleum will amend its SWPPP sampling plan to identify and provide for quarterly sampling at each of the Facility's points of discharge to Elliott Bay, and to identify the primary individual responsible for collecting stormwater samples and reporting the results to the Department of Ecology, and at least one alternate.

l.     Rainier Petroleum will conduct enhanced stormwater sampling by sampling discharges from each of the Facility's points of discharge to Elliott Bay during at least two different storm events (i.e., separated by at least 24 hours without precipitation) in the first, second, and fourth quarters of 2016, and first quarter of 2017.

m.     Not later than May 13, 2016, Rainier Petroleum employees with NPDES Permit compliance responsibilities who have not already attended a 100 and 101-level Industrial Stormwater Management Workshop hosted by the Environmental Coalition of South Seattle will do so.

8.     Until the date of termination of this Consent Decree as prescribed in paragraph 13

CONSENT DECREE: No. 14-00829JLR
p. 5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

below, Rainier will forward all correspondence to and from the Department of Ecology, and all documents provided to the Department of Ecology, related to the NPDES Permit, to Soundkeeper on a quarterly basis.

Not later than June 30th 2016, Rainier Petroleum will send Soundkeeper a copy of its updated SWPPP.

9. Not later than 7 days after the entry of this Consent Decree, Rainier Petroleum will pay $540,000.00 (FIVE HUNDRED FORTY THOUSAND DOLLARS) to Smith & Lowney, PLLC, 2317 E. John Street, Seattle, Washington 98112, attn: Knoll Lowney, to be deposited into the Smith & Lowney PLLC trust account and distributed as follows:

a. Soundkeeper's reasonable attorney and expert fees and costs in an amount be determined by mediator and retired King County Superior Court judge Bruce Hilyer upon review and receipt of the attorneys' and experts' invoices, and not to exceed $260,000.00 (TWO HUNDRED AND SIXTY THOUSAND DOLLARS). This payment will be full and complete satisfaction of any claims Soundkeeper may have under the Clean Water Act for fees and costs.

b. Smith & Lowney PLLC will direct $540,000 less the amount of attorney and expert fees and costs set forth in subparagraph (a) of this paragraph 9 (i.e. at least TWO HUNDRED EIGHTY THOUSAND DOLLARS ($280,000)) to the Puget Sound Stewardship and Mitigation Fund of the Rose Foundation for Communities and the Environment, as described in **Attachment A** of this Consent Decree, for environmental benefit projects in the Duwamish River and Puget Sound watersheds. Payment will be made to the order of and delivered to The Rose Foundation for Communities and the Environment. Payment shall include the following reference in a cover letter or on the check: "Consent Decree, PSA v. Rainier Petroleum Pier 15." A copy of the check and cover letter, if any, shall be sent simultaneously to: Rainier Petroleum.

10. A force majeure event is any event outside the reasonable control of Rainier Petroleum that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure

CONSENT DECREE: No. 14-00829JLR  
p. 6

Smith & Lowney, p.l.l.c.  
2317 East John St.  
Seattle, Washington 98112  
(206) 860-2883

event is not a failure to comply with the terms of this decree, provided that Rainier Petroleum notifies Soundkeeper of the event; the steps that Rainier Petroleum will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Rainier Petroleum will notify Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a.    Acts of God, war, insurrection, or civil disturbance;

    b.    Earthquakes, landslides, fire, floods;

    c.    Actions or inactions of third parties over which defendant has no control;

    d.    Restraint by court order or order of public authority;

    e.    Strikes; and

    f.    Litigation, arbitration, or mediation that causes delay.

11. This court retains jurisdiction over this matter. And, while this decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this decree. In the event of a dispute regarding implementation of, or compliance with, this decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the notice, whichever occurs first, either party may file a motion with this court to resolve the dispute. The provisions of section 505(d) of

CONSENT DECREE: No. 14-00829JLR
p. 7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, shall apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

12. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA.  Therefore, upon the signing of this Consent Decree by the parties, Soundkeeper shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

13. This Consent Decree takes effect upon entry by the court. It terminates May 15, 2017, or upon completion of the tasks identified in paragraphs 7 and 9, whichever is later.

14. Both parties have participated in drafting this decree.

15. This Consent Decree may be modified only upon the approval of the court.

16. If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

17. Notifications required by this Consent Decree must be in writing.  The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail.  For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

**if to Soundkeeper:**

CONSENT DECREE: No. 14-00829JLR
p. 8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Katelyn Kinn
Puget Soundkeeper Alliance
130 Nickerson Street, Suite 107
Seattle WA 98109

email: katelyn@pugetsoundkeeper.org

**and to:**

Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
email: clairet@igc.org

**if to Rainier Petroleum**:

Dan Kovacich
Rainier Petroleum
1711 13th Ave SE, Seattle, WA 98134
email: dan.kovacich@pilotthomas.com

**and to:**

Andy Edwards
777 Main St., Suite 2000
Forth Worth, TX 76102
email: andy.edwards@pilotthomas.com

and to:

Jeffrey Bilanko
Gordon & Rees, LLP
701 5th Ave, Suite 2100
Seattle, WA 98104
Email:  jbilanko@gordonrees.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day.  A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a

CONSENT DECREE: No. 14-00829JLR
p. 9

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this ____ day of _____, _____.

                                                              _____
HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

CONSENT DECREE: No. 14-00829JLR
p. 10

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  Presented by:

2  GORDON & REES, LLP                    SMITH & LOWNEY PLLC
3

4  By /s/ Jeffrey E. Bilanko              By  /s/Claire E. Tonry
    Jeffrey E. Bilanko, WSBA No. 38829       Knoll D. Lowney, WSBA No. 23457
5   Elizabeth K. Morrison, WSBA No. 43042    Claire E. Tonry, WSBA No. 44497
6  Attorneys for Defendant                 Attorneys for Plaintiff Puget Soundkeeper
   Rainier Petroleum Corp.                 Alliance
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CONSENT DECREE: No. 14-00829JLR
p. 11

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

ATTACHMENT A



1970 BROADWAY, SUITE 600, OAKLAND, CA  94612-2218
ROSE@ROSEFDN.ORG

WWW.ROSEFDN.ORG
OFFICE: 510.658.0702
FAX: 510.658.0732

January 7, 2016

Thomas W. Swegle
Environment & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

Re: Puget Soundkeeper Alliance v. Rainier Petroleum Corporation (Pier 15 Facility) (Case No: 14-00829JLR)

Dear Mr. Swegle,

This letter is intended to provide assurance that I have received the proposed Consent Decree between Puget Soundkeeper Alliance and Rainier Petroleum Corporation and that I am authorized by my Board of Directors to make the following binding commitments on behalf of the Rose Foundation.

1) I understand that the Rose Foundation should receive funds from Rainier Petroleum Corporation as specified in the Consent Decree.

2) The Rose Foundation shall only use these Rainier Petroleum Corporation funds for environmentally beneficial projects in the Duwamish River and Puget Sound watersheds, and disperse them through the Rose Foundation's Puget Sound Stewardship & Mitigation Fund, a grantmaking fund which is wholly dedicated to supporting projects which benefit the water quality of Puget Sound.

3) After the funds have been disbursed, the Rose Foundation shall send a report to the Justice Department, the Court and the Parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

**Rose Foundation for Communities and the Environment**
The Rose Foundation is a 501(c)(3) public charity (tax ID#94-3179772).  Its mission is to support grassroots initiatives to inspire community action to protect the environment, consumers and public health. To fulfill this mission, the Rose Foundation conducts the following activities:

- Raise money to award as grants to qualified non-profit organizations conducting charitable operations. The Rose Foundation does not support lobbying activities that are prohibited by Section 501(c)(3) of the IRS Code, and no portion of the Rainier Petroleum Corporation funds shall be used to support any political lobbying activities whatsoever.

- Work directly in schools and in the community to encourage environmental stewardship and civic participation.
- Help government efforts to control pollution and protect the environment by encouraging community engagement in local, state and federal research and policy development.

Within this broad range of activities, all of the Rose Foundation's work revolves around one or more of the following strategic themes:

- Build and maintain a bridge between the community and organized philanthropy.
- Protect the natural environment, public health, and community and consumer rights.
- Promote collaboration between labor, environmental, business, consumer and social interests.
- Cultivate a new generation of environmental stewards and social policy leaders.
- Respect the inalienable rights protected by our nation's constitution, and the essential human rights to clean air, clean water, and individual dignity and privacy.

The Rose Foundation is governed by a Board of Directors. Grant applicants are required to submit written proposals, which must include at a minimum specific information about the goals, activities and projected outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request. The Foundation may require additional information in order to fully evaluate the application. Applications are first screened by Foundation staff. Staff then makes recommendations to the Foundation Board for action. The Foundation requires all projects to submit written reports within one year of receipt of the grant award describing work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by the certified public accounting firm Levy and Powers are posted on the Foundation's website www.rosefdn.org.

I hope this provides you with the information you require. Please do not hesitate to contact me with any questions, or for additional information at (510) 658-0702 or tlittle@rosefdn.org.

Sincerely,

Tim Little, Executive Director