UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>Plaintiff,<br>v.<br><br>RAINIER PETROLEUM CORP.,<br><br>Defendant. | CASE NO. C14-0829JLR<br><br>ORDER IMPOSING SANCTIONS ON ATTORNEY ELIZABETH K. MORRISON, WSBA # 43024 AND NOT REMOVING HER FROM ROSTER OF ATTORNEYS AUTHORIZED TO PRACTICE IN THE WESTERN DISTRICT OF WASHINGTON |

On December 13, 2017, at the evidentiary hearing in this matter, the court sanctioned Elizabeth Morrison, counsel for Defendant Rainier Petroleum Corp., in the amount of $500.00. (*See* 12/13/17 Min. Entry (Dkt. # 123).) The court found that Ms. Morrison recklessly or intentionally violated the Western District of Washington Local Civil Rules. Specifically, Ms. Morrison violated Local Civil Rule 7(e)(4) by filing an over-length brief and Local Civil Rule 7(g) by including improper topics in a surreply. In addition, Ms. Morrison disregarded the court's December 8, 2017, deadline to file a

ORDER - 1

witness and exhibit list, filing instead a similar document on December 11, 2017. (*See* Def. Witness List (Dkt. # 121); *see also* Min. Order (Dkt. # 119) at 2.) Finally, on December 12, 2017, Ms. Morrison filed objections to Plaintiff Puget Soundkeeper Alliance's ("Soundkeeper") witness and exhibit list, accusing Soundkeeper's counsel of "the very definition of ambush litigation tactics" for listing witnesses who had not provided supporting declarations. (Objs. (Dkt. # 122) at 1-2.) For these reasons, the court ordered Ms. Morrison to show cause why she should not be removed from the roster of attorneys authorized to practice in the Western District of Washington. (12/13/17 Min. Entry.)

Courts have inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). This inherent authority includes the ability "to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Courts can also impose sanctions when a party willfully disobeys a court order. *See, e.g., Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) (citing *Fink*, 239 F.3d at 991).

The court appreciates an occasional extraneous circumstance, but Ms. Morrison's conduct is overwhelming. Ms. Morrison's response to the order to show cause is also disappointing. First, Ms. Morrison plagiarized a large portion of *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670 (W.D. Wash. 2014), without any attribution. (*See* Show Cause Br. (Dkt. # 124) at 1-2); *see also Knickerbocker*, 298 F.R.D. at 677. Second,

Ms. Morrison appears to maintain that her surreply, which addressed her over-length response and responded to Soundkeeper's arguments, was proper. Thus, she continues to misunderstand the purpose of a surreply even after the court (and the Local Rules) explained it to her. (*See* Show Cause Br. at 4); Local Rules W.D. Wash. LCR 7(g) (a surreply is "strictly limited to addressing" "requests to strike material contained in or attached to a reply brief"). Likewise, Ms. Morrison's explanation for her late witness and exhibit list—concluding that she did not need to file a list because she planned to only cross-examine witnesses and rely on exhibits already in the record (Show Cause Br. at 4-5)—is undermined by her having to ask the court for leave to call witnesses at the hearing (*see* 12/13/17 Min. Entry). Finally, the court does not appreciate Ms. Morrison's representation that her accusing Soundkeeper's counsel of "the very definition of ambush litigation tactics" was simply a "passing reference." (*See* Show Cause Br. at 5-6.) The court finds that Ms. Morrison's repeated violations and misconduct constitute bad faith.

The court, therefore, DIRECTS Ms. Morrison to deposit $500.00 into the general registry of the court within five (5) days of the date of this order. The court also ORDERS Ms. Morrison to complete five (5) CLE hours relating to the topic of this court's Local Rules within 90 days of the date of this order. The court will not remove Ms. Morrison from the roster of attorneys authorized to practice in the Western District of Washington.

//

//

//

These sanctions are an admonition, which Ms. Morrison is not required to report on future *pro hac vice* applications.

Dated this 19th day of December.

JAMES L. ROBART
United States District Judge